UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

EGG INNOVATIONS, LLC,

    Plaintiff,

v.                                      CAUSE NO. 3:21-CV-775 DRL-MGG

CMC FOOD, LLC and EGG
CLEARINGHOUSE, INC.,

    Defendants.

### OPINION & ORDER

This case reemphasizes the need to verify the citizenship of all parties, including members of a limited liability company through as many layers as must be traced by law, to establish diversity jurisdiction—as it turns out here, several layers in a complicated corporate structure. This multilayered structure ultimately destroyed diversity jurisdiction. The parties agree that this case must be remanded. The only question is whether the court should award costs and fees for an improvident removal. *See* 28 U.S.C. § 1447(c). Recounting the history of this young case helps answer this question.

On September 15, 2021, Egg Innovations, LLC sued CMC Food, LLC and Egg Clearinghouse, Inc. in state court. On October 13, the defense removed the case based on diversity jurisdiction. *See* 28 U.S.C. § 1332. On October 20, the court ordered the parties to file a joint jurisdiction statement because the identity and citizenship of Egg Innovations' members had not been stated in the removal notice. *See West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 829 (7th Cir. 2020). Instead, the defense pleaded citizenship in the negative and then only on information and belief—both jurisdictionally insufficient and prohibited. *See Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); 5 Wright & Miller, *Federal Practice and Procedure* § 1208 (3d ed. 2020 Supp.). This case shows exactly why.

As ordered, the parties filed a statement addressing jurisdiction. Egg Innovations had seventeen members. One member, Peckish, LLC, had a member that was another LLC; and one member of that LLC was a New Jersey citizen for diversity purposes. This destroyed diversity jurisdiction because CMC had one member (MC & Partners, Inc.) whose place of incorporation and principal place of business was in New Jersey. With a New Jersey citizen on each side, complete diversity was lacking. *See Howell by Goerdt v. Tribune Ent. Co.*, 106 F.3d 215, 217 (7th Cir. 1997).

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). This isn't a sanctions rule, but a fee-shifting statute. *See Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 410 (7th Cir. 2000). A finding of bad faith might inform the decision but isn't required. *See id.* The court may award fees when "the removing party lacked an objectively reasonable basis for seeking removal." *Jackson Cnty. Bank v. DuSablon*, 915 F.3d 422, 424 (7th Cir. 2019) (quotations omitted); *accord Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). Though the party seeking removal bears the burden of demonstrating federal jurisdiction, *see Baker v. Atlantic Richfield Co.*, 962 F.3d 937, 941 (7th Cir. 2020), "a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees." *Martin*, 546 U.S. at 141.

The parties worked cooperatively before and after removal, and the court commends them for doing so. Being served on September 20 last year, the defense presumptively had thirty days to remove the case, *see* 28 U.S.C. § 1446(b)(1)—presumptively because, when the initial pleading fails to show the case is removable, federal law grants another thirty-window after the defense receives, through service or otherwise, "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," so long as not beyond the one-year limitation, 28 U.S.C. §§ 1446(b)(3), (c)(1). Accordingly, informal requests and even formal discovery become the tools of the diligent to shore up the amount in controversy and

2

citizenship requirements of diversity jurisdiction when the initial complaint proves silent. *See, e.g., Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 367 (7th Cir. 1993), *abrogated on other grounds*, *Carroll v. Stryker Corp.*, 658 F.3d 675, 680 n.1 (7th Cir. 2011). This is no less true when membership information often cannot be obtained through other public means.

The defense did just that. In its complaint, Egg Innovations alleged that it was an LLC organized under Wisconsin law with its principal place of business in Indiana; but the pleading never identified the company's members or their citizenship. Public information seemed not to answer the question either. On its website, Egg Innovations said it was a third-generation family business with its roots dating back to the family homestead in Wisconsin.

Thus the defense sought information about the company's corporate structure on October 7 through informal means, sharing openly that the defense intended to remove if diversity jurisdiction existed. An early reaction from counsel was that the LLC may have members from Wisconsin and Indiana, but that this would need to be confirmed. The defense sent a follow-up request by email the next day. Both times Egg Innovations pledged to pursue this information. Another email exchange occurred on October 11. True to its word, Egg Innovations shared that day that at least one member was an Indiana citizen; and later that day counsel talked more, and Egg Innovations shared that, while its investigation was still ongoing, the company likely had members in Wisconsin, Illinois, Indiana, and Florida—not unusual for this seeming Midwestern-based family business.

Putting aside whether the defense was on the clock, based on this information the defense removed the case two days later, on October 13—seven days before the presumptive statutory deadline. There was no citizen of Wisconsin, Illinois, Indiana, or Florida on the defense side of the litigation. Egg Innovations never objected or moved to remand until the court ordered the parties to shore this issue up on October 20. Doing so took until November 24. It turned out not to be an easy task. Twice the parties asked for more time to file their joint jurisdictional statement.

It cannot be said that the defense lacked an objectively reasonable basis for removal because Egg Innovations appeared to be a family-owned business primarily tied to Wisconsin and Indiana, because the defense had information suggesting a closely-held company, and because the information acquired through some diligence by both sides indicated that the company was domiciled through its corporate and membership structure only in Wisconsin, Illinois, Indiana, and Florida. The defense was entitled to rely on information from Egg Innovations, particularly when the company was in the best position to know its own corporate structure.

That said, a removing party must be able to state the membership structure and citizenship information for LLCs through however many layers exist, so the defense should have acquired this precise information from Egg Innovations and then removed. Just because additional information showed the defense's understanding for removal to be mistaken later doesn't mean it lacked an objectively reasonable basis at the time of removal given the diligence and cooperation of the parties at that time. For instance, after removal, the defense learned that the LLC had seventeen members, and that these members included several individuals, four trusts, four corporations, two more LLCs, and one partnership, all of whose citizenship would be adjudged under different standards.

One might be too quick to say the defense jumped the gun by removing the case seven days before the deadline when Egg Innovations still was confirming its corporate structure; but, even with the aid of a court order, the parties still needed 34 more days to nail it down. The defense had no indication at removal that Egg Innovations had a particularly complicated ownership structure, that the LLC had any members that would destroy diversity jurisdiction, or that the company opposed removing the case to federal court because of what it knew about its ownership. The defense failed its burden to prove diversity jurisdiction to be sure, but not in a way that was objectively unreasonable.

The court appreciates that Egg Innovations incurred attorney fees to verify its corporate structure. Why it took so long to do so the court has not been told. *See Martin*, 546 U.S. at 141

("plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees"). But its expenditure largely mirrors what the company would have incurred to respond to legitimate discovery about its corporate structure to determine removability. Egg Innovations first raised the subject of remand among the parties on November 5, and only could confirm and communicate to the defense the basis for remand on November 23. The defense has not resisted remand based on this new information. That leaves the cost of drafting the jurisdictional statement and motions to extend the time to file it, but that cost would be altogether modest. An award of fees and costs isn't appropriate today.

Accordingly, the court GRANTS the motion to remand [ECF 23], REMANDS this case to the Kosciusko Circuit Court for further proceedings, and DENIES the request for fees and costs associated with the removal [ECF 23].

SO ORDERED.

January 25, 2022                                         *s/ Damon R. Leichty*
                                                         Judge, United States District Court